IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUTHER DENNIS, # B-40292,

        Plaintiff,

   vs.                          Case No. 17-cv-435-DRH

C/O CHRONIC,
WARDEN RAINS,
and IDOC,

        Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, who uses a wheelchair, claims that he was injured when he was forcibly lifted out of the chair to be searched. He seeks injunctive relief in order to prevent a similar occurrence. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A .

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a

claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that plaintiff's claims survive threshold review under § 1915A.

**<u>The Complaint</u>**

On March 17, 2017, C/O Chronic conducted a search of inmates in plaintiff's housing unit. (Doc. 1, p. 5). Chronic asked plaintiff if he could stand up. Plaintiff responded that he could not, because he has severe nerve damage in both legs up to his waist from having suffered third-degree burns over 48% of his body. Chronic then ordered another inmate (Jackson) to forcibly pull plaintiff up and out of his wheelchair. Chronic had Jackson hold plaintiff up against the wall while Chronic searched plaintiff. Jackson pulled on plaintiff's arm and shoulder in order to lift him, and this pulling injured plaintiff's shoulder. Plaintiff has had to repeatedly seek treatment from the health care unit for the injury.

Plaintiff alleges that Warden Rains has failed to train his subordinate officers on the ADA (Americans with Disabilities Act). He asserts that the IDOC should have a policy that prevents untrained inmates or others from physically handling disabled inmates. (Doc. 1, pp. 5-6). Inmate Jackson had not been trained to handle inmates with disabilities, but had merely been hired to push wheelchairs. Jackson had not been assigned to assist plaintiff at the time this incident occurred. Furthermore, no ADA workers had been trained at Robinson.

In the complaint, plaintiff asks this Court to grant him a Temporary Restraining Order (TRO) or other injunctive relief so that he will not be injured in

this manner again.  (Doc. 1, pp. 6-7).  He did not file a separate motion for a TRO or injunction.

Plaintiff also requests compensatory and punitive damages.  (Doc. 1, p. 7).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.  Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:**  Eighth Amendment claim against Chronic, for directing an inmate to use excessive force to lift plaintiff from his wheelchair;
>
> **Count 2:**  Claim under the Americans with Disabilities Act against the IDOC and Warden Rains, for allowing untrained prison staff and inmates to physically mishandle plaintiff, placing him at risk for injury.

Both of these claims shall proceed for further consideration in this action.  However, plaintiff's request for a TRO shall be denied at this time without prejudice.

**Denial of Request for TRO**

A TRO is an order issued without notice to the party to be enjoined that

may last no more than fourteen days. A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

In order to obtain a temporary restraining order or a preliminary injunction under Rule 65, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). The United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)).

Without expressing any opinion on the merits of plaintiff's other claims for relief, the Court concludes that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before defendants can be heard*. However,

plaintiff's general request for injunctive relief shall be referred to the United States Magistrate Judge for further consideration. Plaintiff is free to file a motion for a preliminary and/or permanent injunction in this case, in which he may set forth specific facts to support his request in accordance with the authority discussed above.

**Count 1 – Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Notably, a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

In plaintiff's case, Chronic himself did not lift plaintiff, but directed inmate Jackson to do it. Although plaintiff was injured, further factual development will be necessary in order to determine whether the force used to bring him to a standing position amounted to "cruel and unusual punishment" so as to violate the Eighth Amendment. Accordingly, **Count 1** shall proceed for further consideration.

### Count 2 – Americans with Disabilities Act

Plaintiff alleges that Warden Rains and the IDOC violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, by failing to train staff and inmates to physically move him without causing injury. Plaintiff's treatment during the search on March 12, 2017, allegedly failed to accommodate his disability-related condition of being unable to stand on his own.

Title II of the ADA prohibits public entities from denying qualified individuals with disabilities the opportunity to participate in the services, programs, or activities of the public entity because of their disabilities, and prohibits discrimination against disabled individuals by a public entity. 42 U.S.C. § 12132. A plaintiff "may establish discrimination by presenting evidence that the defendant intentionally acted on the basis of the disability, [or] the defendant refused to provide a reasonable modification[.]" *Culvahouse v. City of LaPorte*, 679 F. Supp. 2d 931, 937 (N.D. Ind. 2009) (relying upon *Washington v. Ind. High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 847 (7th Cir. 1999)). The Supreme Court

has held that Title II of the ADA applies to prisons. *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998). An inmate may sue state officials in their official capacity for prospective injunctive relief under Title II. *Brueggeman ex rel. Brueggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003).

Based on his physical condition, plaintiff appears to be a qualified disabled person for ADA purposes. 42 U.S.C. § 12102(1). At this stage, the complaint has alleged sufficient facts to state a claim against the IDOC that its officials at Robinson failed to reasonably accommodate plaintiff's disability-related condition in conducting a search of his person. Plaintiff's allegations that the prison lacks training or policies regarding handling disabled inmates suggest that injunctive relief be considered. Accordingly, plaintiff's ADA claim in **Count 2** shall proceed for further review.

When evaluating a disability-related claim, the Court must analyze the complaint in light of both the ADA and the Rehabilitation Act, whether or not the plaintiff has asserted a claim under the latter statute. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012). Here, because plaintiff has not alleged that he was denied access to a program or activity on account of his disability, no viable Rehabilitation Act claim is apparent. *See* 29 U.S.C. § 705(2)(B).

**Count 2** shall proceed under the ADA against the IDOC, but not against Chronic. "[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA. *See* 29 U.S.C. § 794(b); 42 U.S.C. §

12131." *Jaros*, 684 F.3d at 670. Warden Rains shall remain in the action at this time, but only in his official capacity, in order to facilitate the implementation of any injunctive relief to which plaintiff may be entitled. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

## Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (IFP) (Doc. 2) shall be addressed in a separate order.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **GRANTED.** Service on the defendants shall be ordered below.

## Disposition

All claims against **RAINS** in his individual capacity are **DISMISSED** without prejudice. **RAINS** shall remain in this action only in his official capacity as Warden of Robinson.

To facilitate the disposition of plaintiff's request for injunctive relief, the Clerk is **DIRECTED** to add a docket entry reflecting that plaintiff's complaint contains a motion for preliminary injunctive relief pursuant to Federal Rule of

Civil Procedure 65(a). This motion shall be referred to the United States Magistrate Judge, who shall resolve the request for preliminary injunction as soon as practicable. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to the U.S. Magistrate Judge.

The Clerk of Court shall prepare for **CHRONIC, RAINS (in his official capacity as Warden of Robinson),** and **ILLINOIS DEPARTMENT of CORRECTIONS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the

court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under § 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to

keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 4, 2017**

Digitally signed by
Judge David R. Herndon
Date: 2017.05.04
09:31:27 -05'00'

**United States District Judge**