IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUTHER DENNIS, | ) |
|    Plaintiff, | ) ) ) |
| v. | )   Case No. 3:17-cv-435-DRH-DGW |
| C/O CHRONIC, WARDEN RAINS, and IDOC, | ) ) ) ) |
|    Defendants. | ) ) |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Order to Show Cause for Preliminary Injunction (Doc. 26), construed by the Court as a Motion for Preliminary Injunction. For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Luther Dennis is an inmate in the custody of the Illinois Department of Corrections ("IDOC"). Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Robinson Correctional Center ("Robinson CC"). Plaintiff alleges that he is a disabled inmate who is unable to stand on his own and, on March 17, 2017, C/O Chronic ordered another inmate (Jackson) to forcibly pull Plaintiff

up and out of his wheelchair.  Plaintiff contends that he suffered an arm and shoulder injury as inmate Jackson was not trained to assist ADA inmates.  Plaintiff's complaint was screened pursuant to 28 U.S.C. §1915A and he is now proceeding on the following claims:

> Count One: Eighth Amendment claim against C/O Chronic for directing an inmate to use excessive force to lift Plaintiff from his wheelchair; and
>
> Count Two: Claim under the Americans with Disabilities Act against the IDOC and Warden Rains for allowing untrained prison staff and inmates to physically mishandle Plaintiff, placing him at risk for injury.

On August 14, 2017, Plaintiff filed an "Order to Show Cause for Preliminary Injunction," which the Court construes as a Motion for Preliminary Injunction (Doc. 26).  In his motion, Plaintiff seeks a preliminary injunction ordering Defendants to implement policies to adequately train ADA attendants and other staff on handling and searching disabled inmates in order to ensure he does not sustain further injuries.  Appended to Plaintiff's motion is the IDOC ADA Attendant Handbook, grievances filed by Plaintiff, including a response from Plaintiff's grievance officer indicating inmate Jackson received ADA training, and an affidavit of inmate Jackson contradicting the grievance officer's statement and asserting that Jackson was "never trained by anyone on how to handle disabled wheelchair bound individuals."

Defendants filed a timely response to Plaintiff's motion on September 5, 2017 (Doc. 32).  In their response, Defendants assert that Plaintiff is not merely seeking preliminary injunctive relief, but, rather, permanent injunctive relief as his requests would not maintain the status quo.  Defendants further argue that Plaintiff cannot meet the standard for demonstrating entitlement to preliminary injunctive relief.  In particular, Defendants contend Plaintiff cannot provide evidence of irreparable harm absent preliminary injunctive relief and, in any event, they assert he has an

adequate remedy at law.

The Court held a hearing on Plaintiff's motion on November 15, 2017. At the hearing, Plaintiff indicated that he has not been assisted by any untrained inmate attendants acting at the direction of prison personnel since the incident alleged in his complaint. Plaintiff, however, asserted that his wheelchair was confiscated and he has not been issued a cane, which has caused him to fall on several occasions. Phil Martin, the Health Care Unit Administrator and ADA Coordinator at Robinson CC, provided testimony at the hearing on behalf of Defendants. Mr. Martin explained that physicians determine when an inmate needs an attendant and Plaintiff has not been assigned an attendant. Mr. Martin further explained that inmate-attendants receive training and said training includes information on lifting and assisting disabled inmates with activities of daily living. Mr. Martin indicated that inmate-attendants cannot perform personal care tasks.

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

    1. a reasonable likelihood of success on the merits;
    2. no adequate remedy at law; and
    3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir.

2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Based on the evidence in the record and testimony and arguments made at the hearing, the Court finds that Plaintiff has not met his burden in showing he is entitled to a preliminary injunction. In his motion, Plaintiff asks the Court to order Defendants to adequately train ADA attendants and other staff prior to assisting him for fear he may sustain further injury; however, Plaintiff has not been assigned an ADA attendant and indicated that he has not been assisted by any untrained inmates at the behest of prison staff since the incident at issue in this lawsuit occurred. Accordingly, the Court finds that Plaintiff is not at risk of suffering from an imminent, irreparable harm. *See Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The

injury must be of a particular nature, so that compensation in money cannot atone for it.") (quotation marks, internal editing marks, and citation omitted).  Plaintiff's fear that he may again suffer an injury is, at most, a generalized fear of potential future harm insufficient to entitle him to extraordinary relief.  Further, there is a process available to address the issues he now complains of that provides him an adequate remedy at law.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Order to Show Cause for Preliminary Injunction (Doc. 26), construed by the Court as a Motion for Preliminary Injunction be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 17, 2017**

                                    **DONALD G. WILKERSON**
                                    **United States Magistrate Judge**