IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUTHER DENNIS,

**Plaintiff,**

v.

**C/O CHRONIC, WARDEN RAINS
and IDOOC**

**Defendants.** No. 17-cv-435-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Dennis, who uses a wheelchair, claims that he was injured when he was forcibly lifted out of the chair to be searched. He seeks injunctive relief in order to prevent a similar occurrence. The Court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and the following claims survived review:

Count 1: Eighth Amendment claim against Chronic, for directing an inmate to use excessive force to lift plaintiff from his wheelchair; and

Count 2: Claim under the Americans with Disabilities Act against the IDOC and Warden Rains, for allowing untrained prison staff and inmates to physically mishandle plaintiff, placing him at risk for injury. (Doc. 6).

Magistrate Judge Wilkerson held an evidentiary hearing on Dennis' order for

show cause for preliminary injunction construed as a motion for preliminary injunction on November 15, 2017. Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Wilkerson submitted a Report and Recommendation ("the Report") on November 17, 2017 (Doc. 42). The Report recommends that the Court deny the motion (Doc. 26). The Report found that plaintiff has not met his burden in showing that he is entitled to a preliminary injunction. Specifically, the Report found:

> In his motion, Plaintiff asks the Court to order Defendants to adequately train ADA attendants and other staff prior to assisting him for fear he may sustain further injury; however, Plaintiff has not been assigned an ADA attendant and indicated he has not been assisted by any untrained inmates at the behest of the prison staff since the incident at issue in this lawsuit occurred. Accordingly, the Court finds that Plaintiff is not at risk of suffering from an imminent, irreparable harm. *See Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ('Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for   The injury must be of a particular nature, so that compensation in money cannot atone for it.'") (quotation marks, internal editing marks, and citation omitted). Plaintiff's fear that he may again suffer an injury is, at most, a generalized fear of potential future harm insufficient to entitle him to extraordinary relief. Further, there is a process available to address the issues he now complains of that provides him an adequate remedy at law.

(Doc. 42, p. 4)

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, none of the parties has filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court

need not conduct *de novo* review.   *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report (Doc. 42).   The Court **DENIES** Dennis' order for show cause for preliminary injunction construed as a motion for preliminary (Doc. 26) for the reasons given in the Report and Recommendation.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.07
06:24:45 -06'00'

**United States District Judge**